IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                               Criminal No. 3:00CR388

JABAR EUGENE CURRENCE,

    Petitioner.

MEMORANDUM OPINION

Jabar Eugene Currence, proceeding pro se, submitted this MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ("§ 2255 Motion," ECF No. 201.)[1] Currence demands relief on the following grounds:

Claim One:     "The District Court at sentencing on September 22, 2022, mis-sentenced me by exceeding the statutory maximum in my supervised release revocation." (ECF No. 201, at 4.)

Claim Two:     "Ineffective Assistance of Counsel. At sentencing for supervised release violation on September 22, 2022 in cases 3:00-CR-388; 3:21-CR-009, my federal public defender Laura Koenig was ineffective in her counsel because she failed to advise the Court to the plain error in exceeding my statutory maximum sentence for supervised release violation." (Id. at 5.)

---

[1] The Court employs the pagination assigned to Currence's submissions by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and spacing in the quotations from Currence's submissions.

The Government filed a RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255. ("Response," ECF No. 208.) Currence filed no reply. For the reasons set forth below, Currence's § 2255 Motion (ECF No. 201) will be denied.

### I. PROCEDURAL HISTORY

The procedural history of this case is lengthy because Currence has continued to engage in criminal activity and repeatedly violated his terms of supervised release. Although the Government's Response jointly addresses the § 2255 motions filed in this case and a second case, United States v. Currence, No. 3:21CR29, the Court only addresses arguments relevant to the present case. Currence finished serving the sentence imposed by this Court on his underlying drug conviction on or around November 10, 2020. (See ECF No. 214, at 2.) Here, as explained more thoroughly below, Currence challenges the thirty-six-month sentence imposed on September 26, 2022, after he pled guilty to violating the terms of his supervised release. (See ECF No. 187.)

#### A. Original Conviction And Sentence

On December 6, 2000, a grand jury charged Currence and a co-conspirator with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846

2

(Count One); and possessing with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841 (Count Two). (ECF No. 2.) On February 9, 2001, Currence entered into a Plea Agreement in which he agreed to plead guilty to Count One. (ECF No. 15; see ECF No. 17.) On May 1, 2001, the Court entered judgment against Currence and sentenced him to 156 months of imprisonment, to be followed by a five-year term of supervised release. (ECF No. 27; see ECF No. 111, at 1.)

Currence noted an appeal. (ECF No. 29.) On June 27, 2001, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. (ECF No. 35.)

### B. Second Federal Conviction (1:04CR00079-1; 3:21cr09)

While Currence was serving his 156-month sentence, he was convicted pursuant to a guilty plea in the United States District Court for the Eastern District of Texas ("Texas Court") of assaulting, resisting, or impeding a federal correctional officer while an inmate, in violation of 18.U.S.C. § 111. See United States v. Currence, No. 3:21cr09, ECF No. 2-1, at 10. On June 15, 2005, the Texas Court sentenced Currence to sixty-three months of imprisonment to run consecutive with the 156-month sentence imposed in this case, to be followed by a three-year term of supervised release. ("Texas Sentence"); See United States v. Currence, No. 3:21cr09, ECF No. 2-1, at 11-13. On February 22,

3

2021, this Court entered a TRANSFER OF JURISDICTION for supervised release for Currence from the Texas Court to the jurisdiction of this Court. United States v. Currence, No. 3:21cr09, ECF No. 2, at 1.) That order reflected that Currence was required to serve supervised release for the Texas Sentence from November 10, 2020 until November 9, 2023. (Id.)

### C. Currence's State Conviction

On February 5, 2019, while serving his federal sentence and still in Bureau of Prisons custody,

> Currence was transferred to a halfway house in Newport News, Virginia to complete the service of his Federal sentence. On February 8, 2019, he was arrested in Newport News after he physically assaulted and allegedly attempted to sexually assault a female at a bus stop in Newport News. He was ultimately convicted in Newport News Circuit Court of Strangulation, Assault, and two counts of Indecent Exposure.

(ECF No. 111, at 2.) Currence was released from state custody on November 10, 2020, and began serving his five-year term of supervised release. (Id.)

### D. Violations Of Supervised Release And Revocation

Over the next two years, Currence committed multiple violations of his supervised release which resulted in escalating severity of punishment. Currence's first revocation hearing was held on May 13, 2021. (ECF No. 125.) The Court deferred sentencing six months and allowed Currence to stay on supervised release by

4

meeting certain conditions which Currence did not do. (ECF No. 126.) Currence's second revocation hearing was on December 9, 2021. (ECF No. 144.) Currence pled guilty to certain violations, was adjudged guilty, and was sentenced to serve nine months in prison, followed by five years of supervised release. (ECF No. 145, at 1.)

On July 14, 2022, Currence had a third revocation hearing. (ECF No. 174.) The Court found Currence guilty of the alleged violations but continued sentencing for six months to allow Currence to be released to Gateway Homes on electronic monitoring. (ECF No. 176, 1-3.) Once again, this was unsuccessful.

Finally, on September 22, 2022, Currence appeared for his fourth revocation hearing, and that is the subject of Currence's challenges here. (ECF No. 185.) The Court explained as follows:

> The matter is before the Court on sentencing on the Petition on Supervised Release (ECF No. 146) and adjudication on the Addendum (ECF No. 177), alleging violations on the conditions of supervised release. The defendant entered a plea of guilty and was found guilty of violating the Special Condition: The Defendant Shall Report to the Gateway Homes Residential Facility Upon Release from Custody of the United States Marshals Service and Participate in the Programs as Directed and the Special Condition: The Defendant Shall Participate in 32 Hours Weekly of Structural Activities Such as Vocational Programming, Life Skills, and Other Therapeutic Programs. Therefore, and for the reasons set forth on the record on September 22, 2022, the defendant's supervised release was REVOKED.

5

> The defendant is sentenced to a term of imprisonment of THIRTY-SIX (36) MONTHS on all violations and is remanded to the custody of the Bureau of Prisons.
> . . . .
> Upon release from imprisonment, the defendant shall have no term of supervised release to follow.

(ECF No. 187, at 1-2.)

## II.  ANALYSIS

### A.  Claim One Is Barred From Review

The Government correctly asserts that Claim One is procedurally defaulted and barred from review here. The procedural default rule bars Claim One, absent a showing of cause and prejudice or actual innocence, because Currence could have raised, but failed to raise, this claim on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); see also Linder v. United States, 552 F.3d 391, 397 (4th Cir. 2009) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal"). Currence offers no cause and prejudice for the default of his claim, and he does not otherwise demonstrate that actual innocence

excuses his default.[2]  Thus, Claim One is procedurally defaulted and is barred from here.  Accordingly, Claim One will be dismissed.

### B. Ineffective Assistance Of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel

---

[2] At most, Currence contends that "[m]y attorney-public defender didn't notice the error and advised me that I had no grounds for appeal." (ECF No. 201, at 4.) This vague statement is too vague and conclusory to meet his burden to excuse the default of his claim. Moreover, as discussed in conjunction with Claim Two, the underlying premise of Claim One lacks merit.

7

claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claim Two, Currence contends: "Ineffective Assistance of Counsel. At sentencing for supervised release violation on September 22, 2022, in cases 3:00-CR-388; 3:21-CR-009, my federal public defendant Laura Koenig was ineffective in her counsel because she failed to advise the Court to the plain error in exceeding my statutory maximum sentence for supervised release violation." (ECF No. 201, at 5.) Currence apparently believes the following:

> The District Court at sentencing on September 22, 2022, mis-sentenced me by exceeding the statutory maximum in my supervised release revocation. On 12-16-21, I was sentenced to (9) months in a supervised release violation. On 9-22-2022, I was sentenced to a 60-month consecutive sentence in cases 3:00-CR-388; 3:21-CR-009. The District Court exceeded the maximum statutory revocation sentence because I wasn't credited for the (9) months on the previous revocation sentence. The 9-month term of imprisonment on 12-16-21 were concurrent in cases 3:00-CR-388; 3:21-CR-009.

(ECF No. 201, at 4.) Currence's claim lacks merit.

In this case, Currence was sentenced to 36 months of incarceration upon the revocation of his supervised release. (ECF No. 187, at 1.) The underlying crime was conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). In 2001, that conviction

8

carried a maximum sentence of life, 21 U.S.C. § 841(b)(1)(A)(iii) (2001), and was a Class A felony. 18 U.S.C. § 3559(a)(1). Under 18 U.S.C. § 3583(b)(1), the maximum permitted supervised release was five years. Therefore, following a violation of supervised release for a Class A felony, the Court was permitted to sentence Currence up to five years of imprisonment when it revoked his supervised release "without credit for time previously served on postrelease supervision." See 18 U.S.C. § 3583(e)(3). Here, the Court sentenced Currence to thirty-six months of incarceration, which is clearly less than five years.[3] Thus, Currence identifies no error in the Court's sentence, and counsel cannot be faulted for failing to raise a meritless argument. Currence shows no deficiency of counsel or resulting prejudice. Claim Two will be dismissed for lack of merit.

### III. CONCLUSION

For the foregoing reasons, Currence's § 2255 Motion (ECF No. 201) will be denied. The letter motion for appointment of counsel for this § 2255 Motion (ECF No. 220) will be denied. The

---

[3] Currence's argument about already serving a nine-month sentence after a prior revocation in 2021 changes nothing here. Currence served nine months previously, and nine months plus thirty-six months remains less than the five-year maximum sentence the Court could have imposed.

action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Currence and counsel of record.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: February 26, 2025
Richmond, Virginia